| | |
|---|---|
| 1 | Ja Vonne M. Phillips, Esq. SBN 187474 |
| 2 | Gregory J. Babcock, Esq. SBN 260437 |
| | **McCarthy & Holthus, LLP** |
| 3 | 1770 Fourth Avenue |
| | San Diego, CA 92101 |
| 4 | Phone (619) 685-4800 |
| 5 | Fax (619) 685-4810 |
| 6 | Attorney for: Secured Creditor, |
| 7 | Federal Home Loan Mortgage Corporation, it assignees and/or successors |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re: | ) Case No. 10-14023 J |
| | ) |
| Venustiano Cano-Rios, | ) Chapter 13 |
| | ) |
| Debtor. | ) |
| | ) **MOTION FOR RELIEF FROM** |
| | ) **AUTOMATIC STAY (UNLAWFUL** |
| | ) **DETAINER)** |
| | ) |
| | ) Date: 12/09/2010 |
| | ) Time: 9:00 AM |
| | ) Place: 99 South E Street |
| | )         Santa Rosa, CA 95404 |
| | ) |
| | ) |

Federal Home Loan Mortgage Corporation, its assignees and/or successors ("Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362(d)(1), as to moving party (and the Trustee and or agent under the applicable deed securing moving party's claim) so that moving party and its Trustee may commence and continue all acts necessary to obtain possession of the property commonly known as 2551 Casey Drive, Santa Rosa, CA 95403, ("Property" herein). Cause exists because, as of petition filing date, Debtor had no right to continue occupancy of the premises as Movant acquired title to the premises by

foreclosure sale pre-petition and recorded the deed within the period provided by state law for perfection.

A copy of Secured Creditor's Relief From Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

Debtor defaulted in the payment of said Promissory Note and thereafter, at the request of the holder of said Promissory Note and Deed of Trust, caused to be recorded in the Official Records in the Office of the County Recorder of SONOMA County, CALIFORNIA, a Notice of Default and Breach of Conditions of the Deed of Trust and its Election to Sell the Property to satisfy the obligation thereby secured.

After failure of the Debtor to cure said default, a Trustee's Sale of the Property was duly noticed, pursuant to applicable State Law, to satisfy the obligation secured by the Deed of Trust.

On 10/13/2010, the date noticed for the Trustee's Sale, the property was sold at a foreclosure sale. The Trustee's Deed Upon Sale was recorded on 10/25/2010, within the period provided by state law for perfection. A copy of said Trustee's Deed is attached hereto marked **Exhibit "1"** and made a part hereof.

A Notice for Possession was posted on 10/25/2010. A copy of said Notice for Possession and Proof of Service is attached hereto marked **Exhibit "2"**. The Debtor filed Bankruptcy on 10/19/2010.

The Debtor continues to be in possession of the subject property without Movant's permission or consent.

Secured Creditor is unfairly delayed from obtaining possession of the subject Property and cause exists under 11 U.S.C. § 362(d)(1) for the stay to be terminated. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. Termination of the stay to allow Movant to enforce its remedies to obtain possession of the Property in accordance with applicable law.
2. For an Order that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

1     3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as
2         the Court deems proper.
3     4. For attorneys' fees and costs incurred herein.
4     5. For such other relief as the Court deems proper.

Dated: 11/01/2010          McCarthy & Holthus, LLP

By: /s/ Gregory J. Babcock, Esq.
      Gregory J. Babcock, Esq.
      Attorney for Secured Creditor,
      Federal Home Loan Mortgage Corporation